UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60097-CV-SMITH
MAGISTRATE JUDGE REID

CARL AUGUSTE,

    Plaintiff,

v.

JASON P. ROTELLA,

    Defendant.

_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

This matter is before the Court on a *sua sponte* review of the docket pursuant to Plaintiff's failure to adhere to the Court's (1) "Order Denying IFP and Requiring Six-Month Account Statement" [ECF No. 7]; and (2) "Order to Amend Complaint." [ECF No. 5]. This cause has been referred to the Undersigned for Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Carl Auguste**, while confined at the Broward County Main Jail, filed a civil rights action pursuant to 42 U.S.C. § 1983 on January 9, 2020. [ECF No. 1].

At the time of filing, Plaintiff failed to file a motion to proceed *in forma pauperis*. The Court entered an "Order Requiring Payment of $400 Filing Fee or Application to Proceed *in Forma Pauperis* Along with Supporting Financial Affidavit." [ECF No. 4]. Plaintiff then filed a motion to proceed *in forma pauperis* ("IFP"), but did not include his six-month inmate account statement [ECF No. 6], which is required pursuant to 28 U.S.C. § 1915(a). Thus, the Undersigned entered an "Order Denying IFP and Requiring Six-Month Account Statement" and Plaintiff was required to "either pay the $400 filing fee, or . . . renew his motion to proceed *in forma pauperis*" on or before **March 20, 2020**. [ECF No. 7 at 3] (emphasis in original). Plaintiff was cautioned that "[f]ailure to pay the filing fee or renew his motion to proceed *in forma pauperis* will result in dismissal of this case." [*Id*.].

Furthermore, the Court entered an Order to Amend Complaint. [ECF No. 5]. Upon review of the Complaint, the Undersigned determined that Plaintiff should (1) "specify in detail, the circumstances surrounding the purported use of excessive force"; (2) "specify whether any resulting criminal case ensued after his alleged encounter with defendant or as a direct result of his alleged encounter with defendant"; and (3) "provide in detail[,] any injuries he sustained." [*Id*. at 6].

Accordingly, the Undersigned Ordered Plaintiff to file an Amended Complaint curing the deficiencies by **March 3, 2020**. [*Id*. at 8] (emphasis in original). Plaintiff was "warned that failure to file the amended complaint on time

and in compliance with this Court's orders will probably result in dismissal of this case for failure to prosecute or failure to comply with court orders." [*Id*.].

As of the date of this Report, no amended complaint or renewed motion to proceed *in forma pauperis* has been filed and no filing fee has been paid, nor has Plaintiff taken any other action in this case. Thus, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with the Court's order.

## II. Discussion

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id*. (citing Fed. R. Civ. P. 41(b)).

Courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); s*ee also Martins*

*v. Royal Caribbean Cruises, Ltd.*, No. 15-21124-CIV-GOODMAN, 2019 WL 246604, at *1 (S.D. Fla. Jan. 16, 2019) (collecting cases).

Here, Plaintiff was cautioned that Plaintiff was cautioned that "[f]ailure to pay the filing fee or renew his motion to proceed *in forma pauperis* will result in dismissal of this case." [ECF No. 7 at 3]. Plaintiff was also unambiguously warned that "failure to file the amended complaint on time and in compliance with this Court's orders will probably result in dismissal of this case for failure to prosecute or failure to comply with court orders." [ECF No. 5 at 8]. Plaintiff was given at least thirty days to (1) either pay the filing fee or file a renewed motion to proceed IFP; and, (2) file an amended complaint. Plaintiff has instead taken no action whatsoever. Because Plaintiff is incarcerated and *pro se*, the Undersigned gave Plaintiff additional time beyond March 20, 2020, to see if Plaintiff would file anything, but Plaintiff has failed to do so.

### III. Recommendations

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with the Court's Order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar

an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 25th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Carl Auguste**
54100098
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
PRO SE